THE PEOPLE *v.* QUIÑONES.

APPEAL from the District Court of Humacao.

No. 24.—Decided October 11, 1906.

APPEAL—BILL OF EXCEPTIONS—STATEMENT OF FACTS—ERRORS APPEARING FROM RECORD.—Where there is no bill of exceptions or statement of facts and it does not appear from the record that any error has been committed which would warrant the reversal of the judgment appealed from, the same will be affirmed.

ID.—MOTION FOR NEW TRIAL.—An order overruling a motion for a new trial on the ground that the verdict is contrary to the evidence, will not be considered by the appellate court, in the absence of a transcript of the testimony introduced upon the trial.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

Bautista Quiñones was charged in the District Court of Humacao with murder in the first degree. He was tried before a jury, who found him guilty of murder in the second degree, and the court sentenced him to thirty years in the penitentiary at hard labor. From this sentence he took an appeal to the Supreme Court of Porto Rico, and the cause was heard in this court on the 5th of October, 1906.

So far as the record discloses, the trial was regular and the instructions given by the judge of the court below and signed by him are in due form of law. No bill of exceptions or statement of the case has been presented to us and no error has been alleged by the appellant, for whom no one appeared in this court.

The accused in the court below made a motion for a new trial on the ground that the verdict was contrary to the evidence, but it would be impossible for us to consider this alleged error by reason of the failure of the appellant to present the evidence to us.

An examination of the record fails to disclose any error prejudicial to the rights of the appellant, and the judgment appealed from must be affirmed, with costs.

Chief Justice Quiñones, and Justices Hernández and Figueras concurred.

*Affirmed.*

Mr. Justice MacLeary did not take part in the decision of this case.